IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS RAY CARTER, | ) | |
| AIS 241036, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-120-MHT-JTA |
| | ) | |
| JOSEPH H. HEADLEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.    INTRODUCTION

Petitioner Thomas Carter, an inmate incarcerated at Staton Correctional Facility in Elmore, Alabama, brings this application for habeas relief under 28 U.S.C. § 2254. Review of the Petition reflects that Carter seeks to challenge the legality of his convictions and sentence on first and second-degree rape entered against him by the Circuit Court for Mobile County on February 15, 2022. Doc. No. 1 at 1. On May 5, 2022, the trial court sentenced Carter to concurrent terms of life imprisonment on these convictions. *Id.* Upon review, the Court concludes the petition is due to be transferred to the United States District Court for the Southern District of Alabama.

## II.    DISCUSSION

Title 28 U.S.C. § 2241(d) provides:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the

district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, § 2241(d) confers concurrent jurisdiction over a petition for writ of habeas corpus under 28 U.S.C. § 2254 upon the federal district court for the district of the state court of conviction and sentencing or the federal district court in the petitioner's district of incarceration in that state. Section 2241(d) further provides that either such court "in the exercise of its discretion and in furtherance of justice" may transfer a § 2254 petition to "the other district court for hearing and determination." 28 U.S.C. § 2241(d).

Carter was convicted of two rape offenses in the Circuit Court for Mobile County, and that court imposed the state sentence he is serving. Mobile County is located within the federal judicial district of the United States District Court for the Southern District of Alabama. The Court observes that it has jurisdiction to hear Carter's § 2254 habeas corpus application because he is currently detained within the federal judicial district of the United States District Court for the Middle District of Alabama. However, transfer to the United States District Court for the Southern District of Alabama—where jurisdiction is appropriate because of Carter's convictions and sentence in that district—is in the interest of justice.

Here, the matters being complained of by Carter stem from his convictions and sentence in the Circuit Court for Mobile County, Alabama. The underlying records and witnesses are therefore likely to be in Mobile County, Alabama. Further, in the event an evidentiary hearing becomes necessary, the United States District Court for the Southern District of Alabama is a more convenient forum. *See Braden v. 30th Judicial Circuit Court*

2

*of Kentucky,* 410 U.S. 484, 497 (1973) (observing that "Congress explicitly recognized the substantial advantages of having [habeas corpus] cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."). Accordingly, it appears that both the interests of justice and judicial economy would be furthered by a transfer of proceedings to the Southern District of Alabama.

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 2241(d).

Further, it is ORDERED that by **November 1, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th CIR. R. 3–1. *See Resol. Tr. Corp. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 18th day of October, 2024.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE